United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wells Fargo Bank Northwest, N.A.<br><br>            Plaintiff,<br><br>    v.<br><br>Polaris Holding Company<br><br>            Defendant.<br>_____/ | No. CV04-01535 EMC<br><br>**FOURTH AMENDED CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL** |

Pursuant to Fed.R.Civ.P. 16, IT IS FURTHER ORDERED THAT the following case management and pretrial order is entered:

1. <u>TRIAL DATE</u>

    a. Jury trial is reset from 9/6/05 to **10/11/05 at 8:30 a.m.** in Courtroom C, 15th Floor, 450 Golden Gate, San Francisco, CA 94102.

    b. The length of the trial will be not more than **four (4)** days. Court hours for trial are 8:30 a.m. to 1:30 p.m. Wednesdays are normally reserved for law and motion and other matters.

2. <u>PRETRIAL CONFERENCE</u>

    a. A pretrial conference shall be held on **9/28/2005 at 3:00 p.m.** in Courtroom C, 15th Floor. Lead counsel who will try the case (or the party if *pro se*) must attend. The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

b. **8/30/2005**, thirty (30) days prior to the date of the pretrial conference, lead counsel shall meet and confer regarding:

    (1) Preparation and content of the joint pretrial conference statement;

    (2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

    (3) Settlement of the action.

c. **9/9/2005**, twenty (20) days prior to the pretrial conference, counsel and/or parties shall:

    (1) Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

        (a) *The Action.*

            (i) <u>Substance of the Action.</u>  A brief description of the substance of claims and defenses which remain to be decided.

            (ii) <u>Relief Prayed.</u>  A detailed statement of all the relief claims, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

        (b) *The Factual Basis of the Action.*

            (i) <u>Undisputed Facts.</u>  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

            (ii) <u>Disputed Factual Issues.</u>  A plain and concise statement of all disputed factual issues which remain to be decided.

            (iii) <u>Agreed Statement.</u>  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

          (iv)    <u>Stipulations.</u>  A statement of stipulations requested or proposed for pretrial or trial purposes.

    (c)    *Disputed Legal Issues.*

          Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions.

    (d)    *Trial Preparation.*

          (i)    <u>Witnesses to Be Called.</u>  With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

          (ii)    <u>Estimate of Trial Time.</u>  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

          (iii)    <u>Use of Discovery Responses.</u>  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

    (e)    *Trial Alternatives and Options.*

          (i)    <u>Settlement Discussion.</u>  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (ii) <u>Amendments, Dismissals.</u>  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

  (f) *Miscellaneous.*

   Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony or any expert witness), proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions jointly.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately;

(3) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(4) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the mane of the sponsoring witness;

(5) Exchange exhibits which shall be <u>premarked</u> (plaintiff shall use umbers; defendant shall use letters) and <u>tabbed</u>; and

(6) Deliver <u>two</u> sets of all premarked exhibits to chambers (exhibits are not to be filed).

 No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement without leave of the Court and for good cause.

 d. **9/19/2005**, ten (10) days prior to the pretrial conference, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) any objection to proposed voir dire

questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion in limine. No replies shall be filed.

  e. All motions in limine and objections shall be heard at the pretrial conference.

3. JURY TRIAL

  a. The attached voir dire questionnaire shall be given to the venire members to be answered orally in Court. Counsel shall submit an agreed upon set of additional voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree may be submitted separately. Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

  b. The following jury instructions from the Manual of Model Civil Jury Instructions for the Ninth Circuit (1997 Edition) shall be given absent objection: 1.01 - 1.12, 2.01 - 2.02, 3.01 - 3.03, 3.05 - 3.08. Counsel shall submit jointly an agreed upon set of case specific instructions, using the Ninth Circuit Manual where appropriate. Do not submit duplicates of those listed above. Any instructions on which counsel cannot agree may be submitted separately. Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based and a reference to the party submitting it. A second blind copy of each instruction and verdict form shall also be submitted omitting the citation to authority and the reference to the submitting party.

4. All documents filed with the Clerk of the Court shall list the civil case number followed by the initials "EMC". One copy shall be clearly marked as a chambers copy. Chambers' copies shall be three-hole punched at the left side, suitable for insertion into standard binders. In additions, all proposed jury instructions, motions in limine, forms of verdict and trial briefs shall be accompanied by diskette containing a copy of the document formatted in WordPerfect 6.1 (Windows) or 8.0 (Windows).

Dated: July 25, 2005

                  _____
                  EDWARD M. CHEN
                  United States Magistrate Judge

<u>JUROR QUESTIONNAIRE</u>

Please stand and recite the information listed below.

1. Your name:
   a. Juror Number
2. City in which you reside:
   a. How long have you lived there?
   b. If less than 5 years, where did you live before?
3. Your marital status
   
   (single,   married,   separated,   divorced,   widowed)
4. If you are married, please list your spouse's name and occupation.
5. If you have children, their ages and (for adult children) their occupations.
6. What is your current occupation and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).
7. Who is (or was) your employer?
   a. What are your primary job duties?
   b. Do you supervise or manage other people?
   c. How long have you worked for this employer?
8. If you have ever worked in any different occupation than you current occupation, please describe.
9. Please describe your educational background.
   
   Highest grade completed:
   
   College and/or vocational schools you have attended:
   
   Major areas of study:
10. Please describe any other special skills or training that you have.
11. Have you ever served in the military? If so, what branch?
    
    What was your highest rank achieved?
12. Do you belong to any organizations? (Please list)
13. What do you do in your spare time? Do you have any hobbies?
14. Please review the attached list of names. Do you know any of the people or entities on the list? If yes, please state whom you know and how.

**United States District Court**
For the Northern District of California